UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| PEDRO SANCHEZ             Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 2:20-CV-44 |
| MAVERICK EXPRESS CARRIERS, LLC; JORGE SIERRA; COX TRANSPORTATION SERVICES, INC.; AND COMMUNICATIONS TEST DESIGN, INC.,             Defendants. | § § § § § § | |

_____

### DEFENDANT COMMUNICATIONS TEST DESIGN, INC.'S NOTICE OF REMOVAL
_____

1.       Defendant, COMMUNICATIONS TEST DESIGN, INC., (hereinafter "CTDI") by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal giving notice that it is removing this civil action to the United States District Court for the Western District of Texas.  In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

2.       On July 9, 2019 Plaintiff, Pedro Sanchez filed his Original Petition in the 293rd Judicial District Maverick County, Texas, *Pedro Sanchez v. Maverick Express Carriers, LLC; Jorge Sierra; Cox Transportation Services, Inc; and Communications Test Design, Inc*. and designated as Cause No. 19-07-37590-MCV.[1]

3.       On August 9, 2019 original citations were issued and sent by Certified Mail, Return Receipt Requested to all four named Defendants.[2]   Defendants Express Carriers, LLC (hereinafter

---

[1] *See* Exhibit "A" Plaintiff's Original Petition.
[2] See Exhibit "B" Maverick County Court Docket Sheet.
R:\19131.0001\pleadings - federal\notice of removal - federal.docx/1

"Maverick") Maverick, is a Texas corporation and Jorge Sierra (hereinafter "Sierra") is a natural person residing in Texas. Defendant Cox Transportation Services, Inc. is a corporation formed under the laws of Virginia.  Defendant CTDI is a Pennsylvania company.  *See Exhibit A*, Plaintiff's Original Petition, P 2-3.

4. Defendant Maverick's green card demonstrated it was not served and unable to forward. *See* Exhibit B.  Since the filing date, July 9, 2019, Defendant Maverick has not been served, no additional attempt at service has been made and without service of process did not file an answer and has not made an appearance.  Plaintiff did not seek a default judgment.

5. Defendant Sierra's green card was returned as undeliverable and unable to forward. *See* Exhibit B.  Since the filing date, July 9, 2019, Defendant Sierra has not been served, no additional attempt at service has been made and without service of process did not file an answer and has not made an appearance.  Plaintiff did not seek a default judgment.

6. Defendant Cox's green card was returned to the district clerk on September 16, 2019. Defendant Cox did not file an answer and has not made an appearance.[3]

7. Defendant CTDI's green card was returned to the district clerk, and an answer behalf of CTDI was filed on October 7, 2019.

8. This suit is a civil action in which Plaintiff attempts to allege various tortious causes of action against Defendant CTDI related to negligence and personal injury when Plaintiff Sanchez opened the doors of his tractor-trailer and the contents in the trailer fell out onto him.

9. The District Courts of the United States have original jurisdiction over this matter in that it involves a controversy exclusively between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

---

[3] Upon information and belief Cox Transportation Services is an incorrectly named party.

10. The United States District Court for the Western District of Texas, Del Rio Division, embraces the location in which the original action was filed. This removal is proper to this Court pursuant to 28 U.S.C. §1441.

### GROUNDS FOR REMOVAL

11. This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §1332(a) because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### The Parties Are Diverse

12. In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendants. Plaintiff is a resident of the State of Texas. Defendant Cox is a corporation formed under the laws of Virginia, with its principal place of business in Virginia. Cox has not made an appearance in this lawsuit. Defendant CTDI is a Pennsylvania company.

13. Defendants Maverick, a Texas corporation and Sierra a natural person residing in Texas were fraudulently joined for the sole purpose to defeat federal jurisdiction.

14. Though this matter was filed in July 2019, approximately one year earlier, Defendants Maverick and Sierra have not been served, nor have they made an appearance. Further, Plaintiff has made no attempt to re-issue service of process to secure service, and/or any attempt to procure their appearance in this lawsuit. This lawsuit is moving forward with depositions being schedule, agreed docket control order and trial setting, with only one Defendant - CTDI.

15. Based on the records of this matter, Plaintiff has no good faith intention of pursuing his claim against these resident defendants. The United States Supreme Court upheld the denial of plaintiff's motion to remand when the district court found that the resident defendant was joined without any purpose to prosecute the action in good faith against him, and with the purpose of

fraudulently defeating the defendant's right of removal.[4] The lack of service and complete failure to make any effort to effectively serve Defendants Maverick and Sierra demonstrate that there is no intention to pursue Plaintiff's claim against the jurisdiction destroying defendants.

### Amount in Controversy

16. According to Title 28 U.S.C. §1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00." The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The removing party may satisfy its burden by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00.[5] To determine the amount in controversy, the court may consider "…penalties, statutory damages and punitive damages."[6]

17. Here, Plaintiff's petition seeks the following categories of damages:

- actual damages, past and future;

- mental anguish, past and future;

- pain and suffering, past and future;

- lost wages and lost income earning capacity in the future;

- court costs; and

- exemplary damages.

18. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than $75,000.00

---

[4] *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 99, 66 L.Ed.144, 42 S. Ct. 35 (1921). *See also, Joe v. Minnesota Life Ins. Co.,* 272 F. Supp. 603, 605 (S.D. Miss. 2003) (The Court found based on the entire record that the plaintiff had "no good faith intention of prosecuting her claim against these resident defendants); *Boyer v. Snap-On Tools Corp.*, 913 F2d 108,111 (3rd Cir. 1990) (joinder is fraudulent if "no real intention in good faith to prosecute the action against the defendant…" );
[5] *See Allen v. R &H Oil & Gas Co.*, 63 F.3d 864,868 (5th Cir. 2002).
[6] *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F3d 1250,1253 (5th Cir. 1998).

fraudulently defeating the defendant's right of removal.[4] The lack of service and complete failure to make any effort to effectively serve Defendants Maverick and Sierra demonstrate that there is no intention to pursue Plaintiff's claim against the jurisdiction destroying defendants.

### Amount in Controversy

16. According to Title 28 U.S.C. §1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00." The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The removing party may satisfy its burden by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00.[5] To determine the amount in controversy, the court may consider "…penalties, statutory damages and punitive damages."[6]

17. Here, Plaintiff's petition seeks the following categories of damages:

- actual damages, past and future;
- mental anguish, past and future;
- pain and suffering, past and future;
- lost wages and lost income earning capacity in the future;
- court costs; and
- exemplary damages.

18. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than $75,000.00

---

[4] *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 99, 66 L.Ed.144, 42 S. Ct. 35 (1921). *See also, Joe v. Minnesota Life Ins. Co.,* 272 F. Supp. 603, 605 (S.D. Miss. 2003) (The Court found based on the entire record that the plaintiff had "no good faith intention of prosecuting her claim against these resident defendants); *Boyer v. Snap-On Tools Corp.*, 913 F2d 108,111 (3rd Cir. 1990) (joinder is fraudulent if "no real intention in good faith to prosecute the action against the defendant…" );
[5] *See Allen v. R &H Oil & Gas Co.*, 63 F.3d 864,868 (5th Cir. 2002).
[6] *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F3d 1250,1253 (5th Cir. 1998).

**REMOVAL IS PROCEDURALLY PROPER**

19.　This matter was filed July 9, 2019, less than one year from the date CTDI filed it's Notice of Removal. A case may be removed on the basis of jurisdiction one year after commencement of the action if there are developments that the case was not initially removable and a case may also be removed more than one year after commencement of the action if the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *See* 28 U.S.C. 1446 (c)(1). This Notice of Removal is timely filed.

20.　A plaintiff's bad faith, such as is evident in this matter, can manifest itself in either of two requirements for diversity jurisdiction.[7] One being, a plaintiff can name or retain nondiverse parties to defeat complete diversity.[8] Analysis of the bad faith exception includes whether the plaintiff "actively litigated against the removal spoiler in state court…taking discovery…seeking default judgments if the defendant does not answer the complaint, et cetera."[9]

21.　Pursuant to 28 U.S.C. §1391(b) venue is proper in Western District – Del Rio Division because the incident occurred in Maverick County, Texas.

22.　Pursuant to 28 U.S.C. §1446 (d) Defendant will promptly provide written notice of the filing of this Notice of Removal to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the 293rd Judicial District Court, Maverick County, Texas.

23.　The required filing fee and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant Communications Test Design, Inc. respectfully removes this action pending in the 293rd Judicial District Court, Maverick County, Texas to the United States District Court for the Western District of Texas.

---

[7] *See Aguavo v. AMCO Ins. Co.*, 59 F. Supp 3d 1225, 1261 (N.Mex. 2014).
[8] *Id.*
[9] Id. @ 1262.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78216
Telephone: (210) 404-0333
Telecopier: (210) 404-0336

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
Federal No. 32158
LYNN RADA
State Bar No. 1206650
*Email: espeyservice@lawespey.com
*service by email to this address only

ATTORNEYS FOR DEFENDANT
COMMUNICATIONS TEST DESIGN, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on July 8, 2020, on the following counsel of record:

Nicole E. Henning
Wayne Colodny
THE COLODNY AND HENNING FIRM
435 W. Nakoma, Ste. 101
San Antonio, Texas 78216
Office: (210) 563-7828
Facsimile: (210) 563-7829
nicole@henningfirm.com
wcolodny@henningfirm.com
*Attorneys for Plaintiff*

_____
RICHARD W. ESPEY
LYNN RADA